■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON ARZON, Appellant. — Judgment, Supreme Court, New York County, rendered July

6, 1978, convicting defendant, on plea of guilty, of the crime of manslaughter in the first degree (Penal Law, § 125.20), and sentencing him thereon to a term of imprisonment of 8⅓ to 25 years, is modified, as a matter of discretion in the interest of justice, to the extent that the judgment is reversed with respect to the sentence only and that the minimum period of said sentence is reduced to five years, and the court imposes a sentence of an indeterminate term of imprisonment of which the minimum shall be five years and the maximum shall be 25 years, and the judgment is otherwise affirmed. Defendant set fire to an abandoned building, he says in order to get rid of alcoholics and narcotic addicts who frequent the building, apparently by making the building unavailable for them. In the course of fighting the fire, a fireman died. Defendant was indicted for murder and pleaded guilty to manslaughter in the first degree. Defendant's crime was horrifying and inexcusable. But the following circumstances persuade the majority of this court that a sentence of 5 to 25 years would be more appropriate than one of 8⅓ to 25 years. The defendant was 17 years old at the time of the crime. He had never been arrested before. He was a high school student and living at home with his family. He had reading difficulties. Obviously he is a person of very limited intelligence. A minimum service in prison of five years should impress even a person of his limited intelligence with the fact that what he did was extremely wrong and not something that can be done with impunity, and a sentence of 5 to 25 years is a clear expression of society's condemnation of his conduct. In view of his youth and complete lack of previous criminal involvement and the fact that so far as appears his act was probably, although not certainly, one of monumental stupidity and callous lack of imagination only, we think that we should not now prevent the Parole Board from even considering the defendant for parole for a period of eight and one-third years. After the defendant has served five years, the Parole Board will be in a better position than we are to determine the length, if any, of further incarceration within the 25-year maximum. The Probation Department characterized the defendant as possessing not only "limited intelligence" but as a person "lacking in understanding of the consequence of his acts". Our modification of sentence in fixing a five-year minimum will permit the Parole Board, without our substantially sacrificing the punitive nature of the sentence imposed, to consider the length of the defendant's prospective incarceration with the advantage of a psychiatric evaluation which can be obtained at that time. Concur — Murphy, P. J., Birns, Sullivan and Silverman, JJ.

Lupiano, J. dissents in part in a memorandum as follows: I dissent with respect to the sentence. No abuse of discretion attaches to the sentence imposed. The evidence indicates that after the firemen arrived the defendant callously remained to enjoy his creation, while a fireman died in the performance of his duties.